1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATHIAS ESOIMEME,
                                                    No. CIV S-10-2259 JAM EFB PS
11                    Plaintiff,

12        vs.

13   WELLS FARGO BANK; NDEX
     WEST LLC; WORLD SAVINGS BANK;              ORDER AND
14   and DOES 1-100, inclusive,                 ORDER TO SHOW CAUSE

15                    Defendants.
     _____/

16

17          This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

18   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On August 23,

19   2010, defendants removed the action to this court from Solano County Superior Court on the

20   ground that plaintiff's complaint alleges federal claims and on the alternative ground that the

21   citizenship of the parties is diverse.  Dckt. No. 1.  On August 30, 2010, defendants Wells Fargo

22   Bank and World Savings Bank moved to dismiss and to strike plaintiff's complaint.  Dckt. Nos.

23   7, 8.  Defendants noticed the motions to be heard on October 6, 2010.  *Id.*

24          Court records reflect that plaintiff has filed neither an opposition nor a statement of

25   non-opposition to defendants' motions.  Local Rule 230(c) provides that opposition to the

26   granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

                                                 1

party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by September 22, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing on defendants' motion to dismiss and motion to strike is continued to November 10, 2010;

2.  Plaintiff shall show cause, in writing, no later than October 27, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3.  Plaintiff shall file an opposition to the motions, or a statement of non-opposition thereto, no later than October 27, 2010.

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

////

////

1      5.  Defendants may file a reply to plaintiff's opposition(s), if any, on or before November

2   3, 2010.

3          SO ORDERED.

4   DATED:  September 28, 2010.        EDMUND F. BRENNAN
                                       UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26