IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHIAS ESOIMEME,

    Plaintiff,

vs.

WELLS FARGO BANK; NDEX WEST LLC; WORLD SAVINGS BANK; and DOES 1-100, inclusive,

    Defendants.

No. CIV S-10-2259 JAM EFB PS

ORDER AND
ORDER TO SHOW CAUSE

    This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 23, 2010, defendants removed the action to this court from Solano County Superior Court on the ground that plaintiff's complaint alleges federal claims and on the alternative ground that the citizenship of the parties is diverse. Dckt. No. 1. On August 30, 2010, defendants Wells Fargo Bank and World Savings Bank moved to dismiss and to strike plaintiff's complaint. Dckt. Nos. 7, 8. Defendants noticed the motions to be heard on October 6, 2010. *Id.*

    On September 28, 2010, because court records reflected that plaintiff had filed neither an opposition nor a statement of non-opposition to defendants' motions, the undersigned continued the hearing on defendants' motion to dismiss and motion to strike to November 10, 2010;

1

1  directed plaintiff to shall show cause, in writing, no later than October 27, 2010, why sanctions
2  should not be imposed for failure to timely file an opposition or a statement of non-opposition to
3  the pending motions; and directed plaintiff to file an opposition to the motions, or a statement of
4  non-opposition thereto, no later than October 27, 2010.  Dckt. No. 13 (citing E.D. Cal. L.R.
5  230(c); L.R. 183; L.R. 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow
6  a district court's local rules is a proper ground for dismissal.").  The order also warned plaintiff
7  that "[f]ailure . . . to file an opposition will be deemed a statement of non-opposition to the
8  pending motions, and may result in a recommendation that this action be dismissed for lack of
9  prosecution.  *See* Fed. R. Civ. P. 41(b)."  *Id.*

10       On October 18, 2010, plaintiff filed a document entitled "Reason for Decline of
11  Jurisdiction," in which plaintiff contends that the case should be remanded back to Solano
12  County Superior Court.  Dckt. No. 15.  Plaintiff contends that "[t]he case started in Vallejo, and
13  [the] house involved is in Vallejo [and] any bias by defendants was not substantial to move the
14  case to Sacramento where they [feel they] can have [a] better trial of the case."  *Id.*  To the extent
15  plaintiff's "Reason for Decline of Jurisdiction" constitutes a motion to remand, that motion will
16  be denied.  Plaintiff failed to notice the motion for hearing, as required by Local Rule 230(b).
17  Moreover, contrary to the arguments set forth in the "Reason for Decline of Jurisdiction,"
18  defendants' removal of this action was proper pursuant to 28 U.S.C. §§ 1441 and 1446, based on
19  both federal question and diversity jurisdiction.  Dckt. No. 1; *see also* 28 U.S.C. §§ 1331, 1332.

20       Further, although plaintiff filed the "Reason for Decline of Jurisdiction," plaintiff still has
21  not complied with the September 28, 2010 order.  He has not filed either an opposition or a
22  statement of non-opposition to defendants' motions, and he has not responded to the order to
23  show cause.  Therefore, the hearing on defendants' motion to dismiss and motion to strike will
24  once again be continued, plaintiff will once again be ordered to show cause why he should not be
25  sanctioned for his failures, and plaintiff will be directed to file an opposition or a statement of
26  non-opposition to the motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand, Dckt. No. 15, is denied.

2. The hearing on defendants' motion to dismiss and motion to strike is continued to December 22, 2010.

3. Plaintiff shall show cause, in writing, no later than December 8, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions and for failure to timely respond to the September 28, 2010 order.

4. Plaintiff shall file an opposition to the motions, or a statement of non-opposition thereto, no later than December 8, 2010.

5. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

6. Defendants may file a reply to plaintiff's opposition(s), if any, on or before December 15, 2010.

SO ORDERED.

DATED: November 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3