IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHIAS ESOIMEME,

        Plaintiff,                      No. CIV S-10-2259 JAM EFB PS

      vs.

WELLS FARGO BANK; NDEX WEST LLC; WORLD SAVINGS BANK; and DOES 1-100, inclusive,

        Defendants.                 <u>ORDER</u>

_____/

      This case, in which plaintiff is proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On November 14, 2011, the court dismissed plaintiff's complaint and granted plaintiff thirty days to file an amended complaint. Dckt. No. 26. Then, on December 13, 2011 and January 18, 2012, the court granted plaintiff's motions for extensions of time to file his first amended complaint. Dckt. Nos. 28, 30. Plaintiff was ultimately given until February 17, 2012 to file an amended complaint. Dckt. No. 30.

      On February 13, 2012, plaintiff filed a document that appears to be an opposition to defendant Wells Fargo Bank's earlier motion to dismiss. Dckt. No. 31. It is unclear whether plaintiff also intended the document to serve as his amended complaint. However, because the

1

motion to dismiss has already been granted and the newly-filed document does not comply with the requirements for an amended complaint, that document will be stricken. Plaintiff will be given additional time to file a proper amended complaint. Specifically, as indicated in the November 14, 2011 order dismissing plaintiff's complaint, the amended complaint must (1) cure the defects listed in the September 1, 2011 findings and recommendations by truthfully alleging facts that are not inconsistent with those contained in his original complaint, (2) plead against which defendant(s) plaintiff brings each cause of action and what each defendant did to support relief under each respective cause of action, and (3) be labeled "Amended Complaint." *See* Dckt. Nos. 25, 26. Additionally, the amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

     Plaintiff is again reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 13, 2012 filing, Dckt. No. 31, is stricken;

2. Plaintiff has until March 16, 2012 to file an amended complaint, as provided herein and in the November 14, 2011 order;

3. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. Defendants shall file a response to plaintiff's amended complaint within fourteen days from the date an amended complaint is filed.

DATED: February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE