IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHIAS ESOIMEME,

        Plaintiff,                      No. CIV S-10-2259 JAM EFB PS

        vs.

WELLS FARGO BANK; NDEX WEST LLC;
WORLD SAVINGS BANK; and DOES 1-100,
inclusive,

        Defendants.               ORDER TO SHOW CAUSE

/

       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 30, 2012, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued separately as "Wells Fargo Bank" and "World Savings Bank") filed two separate motions to dismiss plaintiff's second amended complaint, and noticed the motions to be heard on June 6, 2012. Dckt. Nos. 38, 39.

       Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motions. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and

1

filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by May 23, 2012. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on the two pending motions to dismiss, Dckt. Nos. 38 and 39, is continued to July 11, 2012.

2. Plaintiff shall show cause, in writing, no later than June 20, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiff shall file an opposition to each of the motions, or a statement of non-opposition thereto, no later than June 20, 2012.

4. Failure of plaintiff to file an opposition to each motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that one or both of the motions be granted or that this action be dismissed with prejudice for failure to follow court orders and/or for lack of prosecution under Rule 41(b).

////

5. Wells Fargo Bank may file a reply to plaintiff's opposition(s), if any, on or before June 27, 2012.

SO ORDERED.

DATED: May 25, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3