IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHIAS ESOIMEME,

        Plaintiff,                No. 2:10-cv-2259-JAM-EFB PS

    vs.

WELLS FARGO BANK; NDEX WEST LLC;
WORLD SAVINGS BANK; and DOES 1-100,
inclusive,

                                 FINDINGS AND RECOMMENDATIONS

        Defendants.
_____/

    This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued separately as "Wells Fargo Bank" and "World Savings Bank") moves to dismiss this action pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6). Dckt. Nos. 38, 39. Defendant NDeX West, LLC has joined in both motions. Dckt. No. 42. Plaintiff opposes the motion and has requested that the court rule in his favor. Dckt. No. 43. For the reasons stated herein, the undersigned will recommend that defendants' Rule 12(b)(6) motion to dismiss be granted, defendants' Rule 41(b) motion to dismiss be denied as moot, and plaintiff's request that the court rule in his favor be denied.

I.  Background

In this action, plaintiff challenges the origination of a $318,500 refinance loan he entered into with the bank defendants, as well as the procedures defendants followed when foreclosing on plaintiff's home. Plaintiff's original complaint stated the following causes of action against all defendants: (1) predatory lending practices in violation of the Federal Home Ownership Equity Protection Act, 15 U.S.C. § 1637 ("HOEPA"), the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), Federal Regulation Z, 12 C.F.R. § 22, California Civil Code section 1632, and California Business and Professions Code section 17500; (2) conspiracy; (3) intentional misrepresentation/deceit (fraud); (4) violations of California Civil Code sections 1916.7, 1920, and 1921; (5) demand for accounting; (6) unfair business practices in violation of California Business and Professions Code section 17200; (7) breach of the implied warranty of good faith and fair dealing; (8) declaratory relief; (9) quiet title; and (10) injunctive relief. Dckt. No. 1 at 12-23.

On September 1, 2011, the undersigned issued findings and recommendations, recommending that defendant Wells Fargo's motion to dismiss that complaint be granted and that plaintiff's complaint be dismissed in its entirety. *See generally* Dckt. No. 25. The court recommended that all of plaintiff's claims be dismissed without leave to amend, except plaintiff's claim for predatory lending practices under HOEPA, TILA, and Regulation Z, plaintiff's conspiracy claim, plaintiff's claim that defendants made misrepresentations about a purported loan modification, and plaintiff's claim for quiet title, all of which the court recommended that plaintiff be granted leave to amend so long as he could cure the defects that the court identified as to those claims. *Id.* at 11-15, 19, 28, 31. On November 14, 2011, those findings and recommendations were adopted in full. Dckt. No. 26.

After receiving numerous extensions of time to file an amended complaint, *see* Dckt. Nos. 28, 30, 32, and 36, plaintiff ultimately filed a second amended complaint on April 16, 2012. Dckt. No. 37. Defendants now move to dismiss that complaint. Dckt. Nos. 38, 39, 42.

2

II. <u>Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)</u>

Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6), arguing that plaintiff's second amended complaint, which is nearly identical to plaintiff's original complaint, once again fails to state any valid claims. Dckt. No. 39.

A. <u>Claims Previously Dismissed Without Leave to Amend</u>

As defendants note, plaintiff's second amended complaint is nearly identical to the original complaint that the court previously dismissed. In fact, plaintiff alleges all of the same facts, with the addition of four new paragraphs, and all of the same causes of action.

Despite knowing that most of his original claims were dismissed *without* leave to amend, plaintiff attempts to re-plead all of those claims in his second amended complaint. Because plaintiff's claim for predatory lending practices under California Civil Code section 1632 and California Business and Professions Code section 17500, the majority of plaintiff's fraud claim (except plaintiff's claim that defendants made misrepresentations about a purported loan modification), plaintiff's claims for violations of California Civil Code sections 1916.7, 1920, and 1921, plaintiff's demand for accounting, and plaintiff's claims for unfair business practices in violation of California Business and Professions Code section 17200, for breach of the implied warranty of good faith and fair dealing, for declaratory relief; and for injunctive relief were all dismissed *without* leave to amend, those claims are once again dismissed from plaintiff's second amended complaint.

B. <u>Claims Previously Dismissed With Leave to Amend</u>

As noted above, plaintiff was only granted leave to amend four of his claims: (1) his claim for predatory lending practices under HOEPA, TILA, and Regulation Z, (2) his conspiracy claim, (3) his claim that defendants made misrepresentations about a purported loan modification, and (4) his claim for quiet title. Dckt. Nos. 25, 26. Also, as noted above, plaintiff was only granted leave to amend those claims to the extent plaintiff could cure the deficiencies that the court outlined with regard to those claims. *Id.* Because plaintiff's second amended

3

complaint, which alleges all of the same facts as those in the original complaint, except for four new paragraphs, fails to cure those deficiencies, the court will recommend that it be dismissed without further leave to amend.

          1. <u>Predatory Lending Practices Under HOEPA, TILA, and Regulation Z</u>

In dismissing plaintiff's claims for predatory lending practices under HOEPA, TILA, and Federal Regulation Z, the court noted that all of the claims were barred by the statutes of limitation. Dckt. No. 25 at 8-10, 11; Dckt. No. 26. The court noted that in any amended complaint, plaintiff would need to allege facts sufficient to demonstrate that those statutes of limitations should be equitably tolled. Dckt. No. 25 at 8-10, 11. Also, with regard to HOEPA, plaintiff would also need to specifically allege that his loan is subject to HOEPA and would need to allege facts showing that plaintiff's loan meets the specific thresholds necessary for HOEPA to apply (that "[e]ither the annual percentage rate of the loan at consummation . . . exceed[s] [] more than 10 percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to be greater than 8 percent of the total loan amount, or $400.00"). *Id.* at 8. Further, with regard to TILA , plaintiff would need to allege tender or the ability to offer tender. *Id.* at 10-11.

Plaintiff's second amended complaint does not cure any of the deficiencies outlined above. Plaintiff's new allegations do not support equitable tolling of the statutes of limitations, do not demonstrate that plaintiff's loan is subject to HOEPA and meets the thresholds necessary for HOEPA, and do not demonstrate tender or the ability to tender. Dckt. No. 37, ¶¶ 22-26. Therefore, plaintiff's claims for predatory lending under HOEPA, TILA, and Regulation Z must be dismissed. Since plaintiff was made aware of the deficiencies regarding those claims and was unable to allege the necessary facts to cure those deficiencies, it appears further leave to amend would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (1987) (while the court would normally grant a pro se defendant a chance to amend his complaint, the court will not grant leave to amend where it is clear that no amendment can cure the complaint's defects); *Rutman Wine Co. v. E. &*

*J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (noting that where a written order identified the defects in the a complaint and provided leave to amend but the amended complaint did not cure the deficiencies, "[t]he district court could reasonably conclude that further amendment would be futile").

### 2. Conspiracy

In dismissing plaintiff's claim for conspiracy, the court previously noted that plaintiff's bare allegations were insufficient to state a claim for civil conspiracy and that in order to state such a claim, plaintiff would need to allege facts demonstrating the formation of a conspiracy (an agreement to commit wrongful acts), the operation of a conspiracy (commission of the wrongful acts), and damage resulting from operation of a conspiracy, as well as facts demonstrating the role each defendant allegedly played in the conspiracy. Dckt. No. 25 at 15; Dckt. No. 26. Although plaintiff's second amended complaint once again alleges a conspiracy by defendants, Dckt. No. 37, ¶¶ 30-35, plaintiff does not allege any new facts that would support that conspiracy claim. Therefore, plaintiff's conspiracy claim must once again be dismissed. Since plaintiff failed to cure the deficiencies with his conspiracy claim even after they were specifically outlined for plaintiff, it appears further leave to amend would be futile. *Noll*, 809 F.2d at 1448; *Rutman Wine Co.*, 829 F.2d at 738.

### 3. Misrepresentations Regarding a Purported Loan Modification

In dismissing plaintiff's claim that defendants made misrepresentations regarding a purported loan modification, the court previously noted that plaintiff's claim failed to identify any specific misrepresentations or any facts about those purported misrepresentations, including who allegedly made the fraudulent representations, whether those speakers had authority to speak, how the alleged misrepresentations were made, etc. Dckt. No. 25 at 18-19; Dckt. No. 26. Although plaintiff's second amended complaint once again alleges fraud and misrepresentations by defendants, Dckt. No. 37, ¶¶ 36-40, plaintiff does not allege any new facts that would support such a claim. Therefore, plaintiff's fraud/misrepresentation claim must once again be dismissed.

5

1  Since plaintiff failed to cure the deficiencies with this claim even after they were specifically
2  outlined for plaintiff, it appears further leave to amend would be futile. *Noll*, 809 F.2d at 1448;
3  *Rutman Wine Co.*, 829 F.2d at 738.

            4.   Quiet Title

5      Finally, in dismissing plaintiff's quiet title claim, the court previously noted that plaintiff
6  failed to allege tender or the ability to offer tender. Dckt. No. 25 at 27-28; Dckt. No. 26.
7  Because plaintiff's second amended complaint once again fails to allege tender or the ability to
8  offer tender, plaintiff's quiet title claim must once again be dismissed, without further leave to
9  amend. *Noll*, 809 F.2d at 1448; *Rutman Wine Co.*, 829 F.2d at 738.

        E.   Conclusion

11     As plaintiff's second amended complaint fails to allege facts sufficient to state any
12 cognizable claims, that second amended complaint must be dismissed without leave to amend
13 pursuant to Rule 12(b)(6).

14 III.   Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 41(b)

15     Because plaintiff's entire second amended complaint should be dismissed under Rule
16 12(b)(6) for failure to state a claim, defendants' motion to dismiss that complaint under Rule
17 41(b) can be denied as moot.

18 IV.   Motion to Rule in Plaintiff's Favor

19     Because plaintiff's entire second amended complaint should be dismissed for failure to
20 state a claim, plaintiff's motion to rule in his favor should also be denied.

21 V.   Conclusion

22     In light of the foregoing, IT IS HEREBY RECOMMENDED that:

23     1. Defendants' motion to dismiss plaintiff's second amended complaint with prejudice
24 under Rule 12(b)(6), Dckt. No. 39, be granted;

25     2. Plaintiff's second amended complaint be dismissed without leave to amend;

26 ////

6

3. Defendants' motion to dismiss plaintiff's second amended complaint under Rule 41(b), Dckt. No. 38, be denied as moot;

4. Plaintiff's request for the court to rule in his favor, Dckt. No. 43, be denied; and

5. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE